Johnson, J.
delivered the opinion of the Court.
The. act of 1769, which originated the summary jurisdiction of the Court of Common Pleas, requires that the petition of the plaintiff shall contain his “ charge or demand plainly and distinctly set forth P. L. 270 : and where the action arises out of any writing, he is required by the rules of Court to indorse a copy thereof, or annex it to the process. The charge contained in the body of the process in this case is “ that defendant is indebted to the plaintiff in the sum of fifty-five dollars and seventy-six cents, besides interest, on a foreign judgment.” On the back of the process there is an abstract, showing the items of debt and costs, which make up that sum ; but there is neither time when, place where, or_Court by which, the judgment was awarded, contained in either.
It is not requisite in this jurisdiction to set out the cause of action in the body of the process with technical precision : it is usually stated in general terms, referring to an account, contract, or other writing, indorsed or annexed, for further specification. But no case can arise, which will better demonstrate the necessity of some degree of certainty in judicial proceedings of every kind, than that now before us. The process states that the defendant is indebted to the plaintiff on a foreign judgment generally; and he offers in evidence a proceeding from the County Court of Wilkes County in North-Carolina. Under the same statement he might, with equal propriety, give in evidence the proceedings of any other Court, of any other country. This was calculated to surprise the defendant, and whether we apply the strict rule, or substitute convenience, the process is bad, both in form and substance. The motion for a nonsuit is granted.